UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| ROBERT CONWAY, | Case No. 2:17-CV-748 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| NATIONAL GENERAL INSURANCE COMPANY, | |
| Defendant(s). | |

Presently before the court is plaintiff Robert Conway's motion to remand to state court. (ECF No. 6). Defendant National General Insurance Company filed a response (ECF No. 7), to which plaintiff replied (ECF No. 8).

**I.   Facts**

The instant action arises from an automobile accident that occurred on September 2, 2013, from which plaintiff sustained serious injuries.

Plaintiff filed the original complaint in state court on January 31, 2017, wherein plaintiff alleged three claims for relief: (1) breach of contract; (2) violation of the Unfair Claims Practices Act; and (3) breach of the covenant of good faith and fair dealing. (ECF No. 1). Defendant removed the action to federal court on March 13, 2017. (ECF No. 1).

In the instant motion, plaintiff moves to remand the action back to state court. (ECF No. 6).

**II.   Legal Standard**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

For a U.S. district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). Remand to state court is proper if the district court lacks jurisdiction. *Id.* On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

**III. Discussion**

In its statement of removal, defendant asserts that the court has diversity jurisdiction over the instant action because defendant is a North Carolina corporation, plaintiff is a citizen of Nevada, and the amount in controversy exceeds $75,000.00. (ECF No. 3).

In the instant motion, plaintiff argues that remand is proper because "[p]laintiff intends to request less than $75,000 in total damages in this case." (ECF No. 6 at 4) (boldface omitted). Plaintiff further argues that defendant argued in its denial of plaintiff's settlement demand that plaintiff's claim had a total value of $0. (ECF No. 6 at 6). Plaintiff maintains that defendant cannot now argue that the value of the case exceeds $75,000.00. (ECF No. 6 at 6).

Plaintiff's argument, however, is not supported by the record. Plaintiff states that prior to the accident, he purchased an automobile insurance policy from defendant, which included $100,000.00 per person/$300,000.00 per accident of UIM coverage. (ECF No. 6 at 3). Plaintiff asserts that his counsel sent a letter to defendant on August 4, 2015, "outlining [p]laintiff's medical special damages in excess of $30,000.00 and demanding the [p]laintiff's policy UIM limits." (ECF Nos. 6 at 3; 6-1). According to plaintiff's own representations, the amount in controversy exceeds $75,000.00 because he demands the policy limits of $100,000.00 from defendant. Further, by

merely stating the he "intends" to request less than $75,000.00, plaintiff is apparently unwilling to concede or stipulate to that fact.

Furthermore, plaintiff erroneously makes his motion to remand pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26-1(a). (ECF No. 6). These rules govern disclosures and discovery and are therefore inapplicable to the present issue of remand.

A defendant is entitled to removal if it can demonstrate, by a preponderance of the evidence, that the amount in controversy requirement is met. *See Sanchez*, 102 F.3d at 403–04. Defendant attached plaintiff's complaint and a letter from plaintiff's counsel demanding the policy limits of $100,000.00. (ECF Nos. 1, 7-1). By reference to plaintiff's filings, defendant has met its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.

Accordingly, plaintiff's motion to remand will be denied.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion to remand to state court (ECF No. 6) be, and the same hereby is, DENIED.

DATED April 26, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 3 -